UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JEREMI D. GRAVES,
        Plaintiff,

v.                                                   Case No. 19-C-0798

BRIDGEMAN FOODS and
RONALD MALDONADO,
        Defendants.

## ORDER

Jeremi Graves filed a pro se complaint against his former employer and manager alleging that he was retaliated against and discriminated against because of his bisexuality. To his complaint, he attached an EEOC right-to-sue letter dated February 7, 2019; he did not, however, attach the EEOC charge itself. Defendants filed a motion to dismiss, which identified several grounds for dismissal, including that Graves' complaint did not make out a claim for disability discrimination, and that Graves' claims of retaliation and discrimination on the basis of sex had not been administratively exhausted and were now time barred. With their motion, defendants also submitted a copy of Graves' EEOC charge, which alleges only discrimination on the basis of disability. The EEOC charge does not allege retaliation or discrimination on the basis of sex.

As a general rule, a plaintiff alleging workplace discrimination cannot bring claims in a lawsuit that were not included in his EEOC charge. *Cheek v. Western and Southern Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994). "[A]llowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would frustrate the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the

charge." *Id.* The test for the proper scope of a judicial inquiry following an EEOC charge is that "the complaint in the civil action . . . may properly encompass any . . . discrimination like or reasonably related to the allegations of the charge and growing out of such allegations." *Jenkins v. Blue Corss Mut. Hosp. Ins., Inc.*, 538 F.3d 164, 167 (7th Cir. 1976). Here, the complaint's allegations of retaliation and discrimination on the basis of sex are not related to the charge's allegation of disability discrimination, nor can they reasonably be expected to grow out of an EEOC investigation of the charge. The EEOC charge contains no factual allegations suggestive of retaliation or sex discrimination. Therefore, Graves has not administratively exhausted his retaliation and sex discrimination claims, and he may not now proceed on them.

Nor may Graves proceed on a claim of disability discrimination, because the allegations in his complaint with respect to such claim do not meet the standard of Federal Rule of Civil Procedure 12(b)(6). To avoid dismissal under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must, at a minimum, "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. The elements of a disability discrimination claim are (1) the plaintiff is disabled within the meaning of the ADA; (2) the plaintiff is qualified to perform the essential functions of the job, either with or without a reasonable accommodation; and (3) the plaintiff suffered from an adverse employment action because of his disability. *Hoppe v. Lewis University*, 692 F.3d 833,

839 (7th Cir. 2012). Here, the complaint does not allege that plaintiff was disabled within the meaning of the ADA, nor does it speak to his qualification to perform his job functions. Thus, the complaint fails to state a plausible claim of disability discrimination. I will dismiss plaintiff's complaint.

Defendants further argue that plaintiff's disability discrimination claim is time-barred because he filed it more than 90 days after receipt of his receipt of the EEOC right-to-sue letter. On the facts before me, I can't make a conclusive determination whether this is true. Therefore, I will dismiss plaintiff's complaint without prejudice, meaning that he may file an amended complaint that corrects the deficiencies identified here. I instruct plaintiff, however, that in addition to alleging facts necessary to establish a disability discrimination claim, his amended complaint must also include facts that establish that he filed his initial complaint with the district court within 90 days of his receipt of the EEOC's right to sue letter. Failure to include such facts will be fatal to his claim. If, given these strictures, the plaintiff does wish to file an amended complaint, he must do so by October 23, 2019. If plaintiff does not file an amended complaint by that date, I will dismiss this action with prejudice.

**IT IS ORDERED** that defendant's motion to dismiss (ECF #13) is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's motion to proceed in court (ECF # 16) is **DENIED WITHOUT PREJUDICE.**

The plaintiff shall have until October 23, 2019, to file an amended complaint that meets the requirements discussed above. If the plaintiff does not file an amended complaint by such date, I will dismiss this action with prejudice.

Dated at Milwaukee, Wisconsin this 9th day of October, 2019.

s/Lynn Adelman  
LYNN ADELMAN  
District Judge